UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SEAN MICHAEL KOVALEVICH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18-cv-1671 (KBJ) |
| UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION

*Pro se* Plaintiff Sean Michael Kovalevich is a North Dakota state prisoner who is incarcerated in Bismarck, North Dakota. (*See* Compl., ECF No. 1, ¶ 2.) On July 13, 2018, Kovalevich filed the instant legal action against the Executive Office for United States Attorneys ("EOUSA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the agency's failure to respond to his FOIA request for "all documents and records concerning [himself]." (*Id.* ¶ 7.) EOUSA responded to Kovalevich's FOIA request on October 5, 2018, releasing seven pages in part or in full, and withholding three pages in their entirety. (*See* Ex. 1C to Decl. of Tricia Francis ("Francis Decl."), ECF No. 19-2, at 14; Ex. 1D to Francis Decl., ECF No. 19-2, at 18–19.)[1]

Before this Court at present are EOUSA's motion for summary judgment and Kovalevich's cross-motion for summary judgment. (*See* Def.'s Mot. for Summ. J.

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

("Def.'s Mot."), ECF No. 19; Pl.'s Opp'n to Def.'s Mot. & Cross-Mot. for Summ. J. ("Pl.'s Cross-Mot."), ECF No. 22.)  EOUSA argues in its motion that it has discharged its obligations under the FOIA, because it conducted an adequate search for responsive records and produced all reasonably segregable non-exempt information.  (*See* Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem."), ECF No. 19-1, at 2–8.)  Kovalevich's cross-motion for summary judgment concedes that EOUSA has complied with its duties under the FOIA (*see* Pl.'s Cross-Mot. at 3), but insists that he is entitled to attorney's fees and costs because his lawsuit prompted EOUSA to release the requested records (*see id.* at 3–4).

For the reasons explained fully below, this Court has determined that EOUSA's motion for summary judgment is moot, because Kovalevich has effectively withdrawn his challenge to the agency's compliance with the FOIA.  And the Court has further concluded both that Kovalevich cannot recover attorney's fees as a *pro se* plaintiff and that the parties have failed to brief the issue of litigation costs adequately.  Therefore, both parties' motions for summary judgment will be **DENIED**.  A separate Order consistent with this Memorandum Opinion will follow.

I.    BACKGROUND

   A.    **Kovalevich's FOIA Request**

On or around March 19, 2017, Kovalevich sent a request to the United States Attorney's Office for the District of North Dakota ("USAO") under the FOIA and the Privacy Act, 5 U.S.C. § 552a, requesting "all documents or records maintained by [the USAO] concerning [himself]."  (Ex. 1A to Francis Decl., ECF No. 19-2, at 8; *see also* Compl. ¶ 7.)  The USAO forwarded Kovalevich's request to EOUSA a few days later

(*see* Ex. 1 to Compl., ECF No. 1-1, at 1), and EOUSA sent Kovalevich a letter on May 30, 2017, acknowledging receipt of the request (*see* Ex. 2 to Compl., ECF No. 1-2, at 1).  In its letter, EOUSA also informed Kovalevich that his request had been classified as "complex," because it required gathering "records from one or more field offices, and involve[d] many voluminous records and/or require[d] consultation with another agency/component with a substantial interest in the subject-matter[.]"  (*Id*.)  Consequently, EOUSA invoked its authority under the FOIA to "extend[] the [twenty-day] time limit to respond to [Kovalevich's] request for ten additional days."  (*Id.* (citing 5 U.S.C. § 552(a)(6)(B)(i)).)  EOUSA also advised Kovalevich that, because "[s]imple requests usually receive a response in approximately 30 business days, whereas complex requests necessarily take longer[,]" he should "modify and narrow the scope of [his] request" to "avoid delay and reduce [any] potential fees[.]"  (*Id.* at 1–2.)

In response to EOUSA's letter, Kovalevich allegedly agreed to reduce the scope of his request to the records that could be produced at no charge.  (Compl. ¶ 8.)  After seven months passed without receiving any response from EOUSA, however, Kovalevich sent a follow-up letter to the agency reaffirming his request for records.  (Ex. 3 to Compl., ECF No. 1-3, at 1.)  When EOUSA did not respond to that correspondence either, Kovalevich filed an administrative appeal with the Office of Information Policy ("OIP") on March 14, 2018, asserting that EOUSA had failed to comply with the FOIA's response deadline, and that he no longer wished to narrow the scope of his request.  (*See* Ex. 4 to Compl., ECF No. 1-4, at 1–3.)  OIP responded to Kovalevich's appeal on June 15, 2018, and informed him that, because EOUSA had not yet made any adverse determination concerning his FOIA request, there was nothing for

OIP "to consider on appeal." (Ex. 6 to Compl., ECF No. 1-6, at 1.) Nevertheless, OIP assured Kovalevich that it had "contacted EOUSA and ha[d] been advised that [his] request [was] currently being processed." (*Id.*)

### B. Kovalevich's Complaint And EOUSA's Release Of Records

Kovalevich waited one more month for a response from EOUSA, to no avail, and on July 13, 2018, he filed the instant legal action. (*See* Compl. at 1.) In his complaint, Kovalevich alleged that EOUSA had violated the FOIA by failing to respond to his request within the statutory time limit (*id.* ¶¶ 15–16), and that EOUSA had "deceived [him] into limiting the scope of his request" by "suggesting that the [circumscribed] request could . . . be processed within 30-days" (*id.* ¶ 19). For relief, Kovalevich asked this Court to require EOUSA to release all records responsive to his "original request" at no charge; declare that EOUSA's actions violated the FOIA; and enjoin EOUSA "from relying on the deceptive practice" of asking requestors to limit the scope of their FOIA requests "by implying that the request will be processed on average within 30-workdays when the Agency has no intention of doing so." (*Id.* ¶ 22.) Kovalevich also asked the Court to find that EOUSA's actions "were so flagrant as to be arbitrary and capricious" and to both refer the matter "to Special Counsel for investigation" and award him attorney's fees and costs. (*Id.*)

EOUSA responded to Kovalevich's FOIA request on October 5, 2018; it ultimately released five pages in full and two in part. (*See* Ex. 1C to Francis Decl. at 14; Ex. 1D to Francis Decl. at 18–19.) The agency also withheld from disclosure three pages that allegedly contained attorney work product and personal identifying information, and it referred an unspecified number of records to the Bureau of Indian Affairs. (*See* Ex. 1D to Francis Decl. at 19.)

4

### C.     The Instant Motions

On March 15, 2019, following its production of records to Kovalevich, EOUSA moved for summary judgment. (*See* Def.'s Mot. at 1.)  In its motion, EOUSA provides detailed declarations that describe its search for records in response to Kovalevich's request and explain its reasons for withholding or redacting information pursuant to FOIA Exemptions 5, 6, and 7(C). (*See* Def.'s Mem. at 2–8; *see also* Decl. of Derek G. Solberg, ECF No. 19-3, ¶¶ 6–13; Francis Decl. ¶¶ 6–22; *Vaughn* Index, Ex. 1E to Francis Decl., ECF No. 19-2, at 22–23.)  Based on these declarations, EOUSA contends that it has discharged its duties under the FOIA, and that judgment should be entered in its favor, because its search was adequate, its withholdings were proper, and it has produced all reasonably segregable non-exempt records. (*See* Def.'s Mem. at 2, 4–8.)

Kovalevich has filed a cross-motion for summary judgment, in which he concedes that EOUSA has "complied with [its] obligations under [the] FOIA." (Pl.'s Cross-Mot. at 3.)  Given that concession, Kovalevich does not pursue any arguments concerning the claims in his complaint that relate to the agency's handling of his FOIA request; instead, his cross-motion focuses exclusively on his request for attorney's fees and costs. (*See id.* at 3–4.)  Specifically, Kovalevich contends that he is entitled to a fee award because his lawsuit prompted EOUSA to change its "position" of "non-compliance with the requirements of [the] FOIA" and caused the agency to release the requested records. (*Id.* at 4.)  For that reason, Kovalevich argues that he "'substantially prevailed'" in the litigation (*id.* at 3 (quoting 5 U.S.C. § 552(a)(4)(E))), and that he should therefore be compensated for "the considerable time spent preparing and litigating this action" (*id.* at 4).

5

EOUSA opposes Kovalevich's request for a fee award, asserting that *pro se* plaintiffs are not eligible for attorney's fees under the FOIA (*see* Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. ("Def.'s Opp'n"), ECF No. 24, at 1–2), and that Kovalevich's minimal success in the litigation does not merit an award of litigation costs (*see id.* at 2–3; *see also id.* (arguing that Kovalevich "barely received any" of the documents he requested, as the agency "referred the majority of . . . records to the Bureau of Indian Affairs for response")). EOUSA thus urges the Court to deny Kovalevich's motion and dismiss the case. (*See id.* at 3.)

## II.   DISCUSSION

The parties' actions during the course of this litigation have significantly narrowed the questions presented for this Court's review. As just explained, EOUSA has now produced seven records (in full or in part) in response to Kovalevich's FOIA request, and Kovalevich readily admits that EOUSA has fulfilled its obligations under the FOIA. These developments have two implications for the pending motions. First, based on the statements made in Kovalevich's cross-motion for summary judgment, the Court construes his concession as a withdrawal of his claim regarding EOUSA's alleged failure to comply with the FOIA. (*See* Pl.'s Cross-Mot. at 3.) As a result, EOUSA's motion for summary judgment, which is predicated on Kovalevich's allegations of non-compliance, must be denied as moot. *See, e.g.*, *Schoenman v. FBI*, 575 F. Supp. 2d 136, 147 (D.D.C. 2008). Second, to the extent that any substantive challenges to EOUSA's handling of Kovalevich's FOIA request remain (*see, e.g.*, Compl. ¶ 19 (alleging that EOUSA deceived Kovalevich into limiting the scope of his request)), such challenges have become moot as well, given that EOUSA has produced the requested records.

6

*Bayala v. U.S. Dep't of Homeland Sec.*, 827 F.3d 31, 34 (D.C. Cir. 2016). It is well established in this circuit that "once all requested records [have been] surrendered, federal courts have no further statutory function to perform[,]" no matter how allegedly "fitful or delayed the release of information under the FOIA may" have been. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).[2]

Thus, the sole question remaining in this case is whether Kovalevich has demonstrated his entitlement to attorney's fees and costs. The Court concludes that he has not, for at least two reasons. First, and foremost, it is clear beyond cavil that "*pro se* non-attorney[s] may not recover attorney fees under [the FOIA]." *Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir. 1993). And while *pro se* litigants may seek *costs* under the FOIA, *see Gerhard v. Fed. Bureau of Prisons*, 258 F. Supp. 3d 159, 165 (D.D.C. 2017), this Court is not in a position to evaluate Kovalevich's request for costs at this time, because the parties have failed to brief the issue adequately.

In order to grant a plaintiff's request for costs, a court must find that the plaintiff "is both eligible and entitled to such an award." *Wren v. U.S. Dep't of Just.*, 282 F. Supp. 3d 216, 225 (D.D.C. 2017). A plaintiff is eligible for costs if he "substantially prevailed" in the lawsuit by, for instance, securing a "voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not

---

[2] Insofar as Kovalevich has attempted to characterize his challenges to EOUSA's handling of his FOIA request as an unlawful policy or practice under the FOIA, or as a separate claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the Court rejects both attempts. For one thing, Kovalevich has not alleged a single fact suggesting that EOUSA has adopted such a policy or practice. *See, e.g., Am. Ctr. for L. & Just. v. U.S. Dep't of State*, 249 F. Supp. 3d 275, 281–82 (D.D.C. 2017). And while Kovalevich's complaint appears to assert claims for relief under both the FOIA and the APA, his APA claim cannot proceed, both because it is duplicative of his FOIA claim (*see* Compl. ¶¶ 16–21)—and also because the FOIA offers an adequate remedy for Kovalevich's challenges to EOUSA's response, *see Inst. for Pol'y Stud. v. CIA*, 885 F. Supp. 2d 120, 153–54 (D.D.C. 2012) (holding that the FOIA provides an adequate remedy for challenges to an agency's response to a FOIA request, and that courts lack authority to review such challenges separately under the APA).

insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). And a plaintiff will be entitled to recover his costs if the court finds that an award is warranted under the particular facts of the case—a determination that courts typically make by considering "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the government ha[d] a reasonable basis for withholding the requested information." *Kretchmar v. FBI*, 882 F. Supp. 2d 52, 59 (D.D.C. 2012).

In the instant case, the parties have briefed only Kovalevich's *eligibility* for costs, omitting any discussion of his entitlement to such an award. (*See* Pl.'s Cross-Mot. at 3–4; Def.'s Opp'n at 1–3.) Thus, the second reason that Kovalevich's cross-motion cannot be granted is that the parties have not provided the Court with sufficient information to assess Kovalevich's request for costs properly and in accordance with the applicable legal standards. Therefore, the Court will deny Kovalevich's request for costs without prejudice, and will permit Kovalevich to renew his request through a separate motion, should he elect to do so.

### III.  CONCLUSION

For the foregoing reasons, and as set forth in the Order that accompanies this Memorandum Opinion, the Court concludes that Kovalevich's complaint must be **DISMISSED** for lack of jurisdiction given Kovalevich's withdrawal of his claim regarding the agency's compliance with the FOIA. The Court further concludes that EOUSA's motion for summary judgment must be **DENIED AS MOOT**, and Kovalevich's cross-motion for summary judgment must be **DENIED**. However, if Kovalevich seeks to reassert his request for litigation costs, he may file a motion for

costs that fully addresses the D.C. Circuit's general standards for awarding costs under the FOIA, on or before September 6, 2021. If Kovalevich files such a motion, EOUSA shall file a response on or before September 27, 2021.

DATE: August 16, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States Circuit Judge
*Sitting by Designation*